IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON,** 1101 K Street, N.W., Suite 201 Washington, D.C. 20005  Plaintiff,  v.  **U.S. DEPARTMENT OF STATE,** 2201 C Street, N.W. Washington, D.C. 20520  Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. |

**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**

1.  This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, for injunctive, declaratory, and other appropriate relief. Plaintiff Citizens for Responsibility and Ethics in Washington ("CREW") challenges the failure of the U.S. Department of State ("State Department" or "State") to respond to a request for documents related to a hunting trip Donald Trump Jr. made to Mongolia in the summer of 2019, during which he killed an endangered species of sheep and met with Mongolian President Khaltmaagiin Battulga.

2.  This case seeks declaratory relief that the State Department is in violation of the FOIA, specifically, 5 U.S.C. § 552(a)(3)(A), for failing to provide CREW all responsive records and 5 U.S.C. § 552(a)(6)(A), for failing to provide CREW with a determination on its request within 20 business days, as well as injunctive relief ordering defendant State Department to process and release to CREW immediately the requested records in their entirety.

**Jurisdiction and Venue**

3. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. §§ 552(a)(4)(B) and 552(a)(6)(C)(i). The Court also has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 2201(a), and 2202. Venue in this district is proper under 5 U.S.C. § 552(a)(4)(B).

**Parties**

4. Plaintiff CREW is a non-profit, non-partisan organization organized under section 501(c)(3) of the Internal Revenue Code. CREW is committed to protecting the rights of citizens to be informed about the activities of government officials and agencies, and to ensuring the integrity of government officials and agencies. To advance its mission, CREW uses a combination of research, litigation, and advocacy. As part of its research, CREW uses government records made available to it under the FOIA. Additionally, CREW seeks to empower citizens to have an influential voice in government decisions and in the government decision-making process through the dissemination of information about public officials and their actions.

5. Defendant State Department is an agency within the meaning of 5 U.S.C. §§ 552(f)(1) and 701(b)(1). Defendant has possession and control of the requested records and is responsible for fulfilling plaintiff's FOIA request.

**Statutory and Regulatory Background**

6. The FOIA, 5 U.S.C. § 552, requires agencies of the federal government to release requested records to the public unless one or more specific statutory exemptions apply.

7. An agency must respond to a party making a FOIA request within 20 working days, notifying that party of at least the agency's determination of which of the requested records

it will release, which it will withhold and why, and the requester's right to appeal the determination to the agency head. 5 U.S.C. § 552(a)(6)(A)(i).

8. An agency's failure to make this determination within 20 business days is subject to judicial review without exhausting administrative remedies. 5 U.S.C. § 552(a)(6)(C)(i).

9. In "unusual circumstances" an agency may extend the time to respond to a request by no more than 10 working days provided that the agency gives the requester written notice setting forth the unusual circumstances and the date on which the agency expects to make a determination. 5 U.S.C. § 552(a)(6)(B)(i)-(iii). The FOIA defines "unusual circumstances" as including the need to search for and collect responsive records from offices other than the office processing the request; the need to search for, collect, and examine a "voluminous amount of separate and distinct records"; and the need to consult with another agency. 5 U.S.C. § 552(a)(6)(B)(iii)(I)–(III).

**Factual Background**

10. According to public reporting, in the summer of 2019, Donald Trump Jr., the son of then-President Donald Trump, took a trip to Mongolia to hunt an endangered species of argali sheep. Jake Pearson and Anand Tumurogoo, Donald Trump Jr. Went to Mongolia, Got Special Treatment From the Government and Killed an Endangered Sheep, *ProPublica*, Dec. 11, 2019, https://www.propublica.org/article/trump-inc-podcast-donald-trump-jr-went-to-mongolia-got-special-treatment-from-the-government-and-killed-an-endangered-sheep. Not only did resources from both the Mongolian and U.S. governments support this trip, but also after the hunt Trump Jr. met privately with Mongolian President Khaltmaagiin Battulga. *Id.*

11. The Mongolian government accorded Trump Jr. special treatment by granting him retroactively a "coveted and rare permit" to kill the argali, one of only three permits the

government issued in the region in which Trump Jr. hunted. *Id.* This permit process has been described as "political" and "mostly based on money, connections, and politics." *Id.*

12.     Reportedly, Jandos Kontorbai Ahat, a member of the Mongolian president's political party, arranged Trump Jr.'s trip. *Id.* According to Ahat, the embassy's defense attaché accompanied the hunting party. *Id.* Kevin Small, the CEO of KS Industries LP, an oil and gas company, also accompanied Trump Jr.. *Id.*; *Bloomberg* Profile, Kevin Small, https://www.bloomberg.com/profile/person/17745890. Prior to the trip Small spent over $95,000 in political contributions to Republicans. Pearson and Tumurogoo, *ProPublica*, Dec. 11, 2019.

13.     Trump Jr.'s trip followed a White House meeting between United States and Mongolian officials as well as a visit to Mar-a-Lago by the Mongolian ambassador and foreign minister. Christine Stapleton, <u>EXCLUSIVE: Mongolian ambassador visited Mar-a-Largo before Trump Jr. got coveted permit to hunt rare sheep</u>, *The Palm Beach Post*, Dec. 12, 2019, https://www.palmbeachpost.com/news/20191211/exclusive-mongolian-ambassador-visited-mar-a-lago-before-trump-jr-got-coveted-permit-to-hunt-rare-sheep.

*The FOIA Request At Issue*

14.     On December 13, 2019, CREW submitted to the State Department by email a FOIA request seeking information related to Trump Jr.'s Mongolian trip. Specifically, CREW requested three categories of records: (1) any communications from June 2, 2019 to September 31, 2019, regarding an August 2019 meeting in Mongolia between Donald Trump Jr. and Mongolian President Khaltmaagiin Battulga, including any communications mentioning Kevin Small; (2) any records from June 2, 2019 to September 31, 2019 between State Department officials and Jandos Kontorbai Ahat regarding the arrangement of Donald Trump Jr.'s summer 2019 hunting trip to Mongolia, including any communications mentioning Kevin Small; and (3)

any records of communications from the United States Embassy in Mongolia from June 2, 2019 to September 31, 2019 regarding Donald Trump Jr.'s summer 2019 hunting trip in Mongolia, including all records created by, including, or mentioning Defense Attaché Philip Luu.

15. CREW sought a waiver of fees associated with processing its request. CREW explained that it intends to analyze the information responsive to these requests and to share its analysis with the public through reports, press releases, or other means.

16. CREW further explained that reports of Trump Jr.'s Mongolian hunting trip clearly blur the line between pleasure and politics. As CREW explained, Trump Jr. has also blurred the line between Trump Organization business and politics in the past, citing in support a CREW report by Rebecca Jacobs, "Don Jr. Promoted Trump-Brand Resorts at Event with Indonesian Officials," published on August 16, 2019 and available on CREW's website. Given the multiple Mongolian officials and political figures involved, and the discussions then taking place between Mongolia and the United States, the public deserves to know whether Mongolia attempted to curry favor with a member of President Trump's family, or if Trump Jr. interacted with Mongolian officials or the Mongolian president on a political level.

17. CREW also requested that it not be charged search or review fees because it is a member of the news media, citing in support how it routinely and systematically disseminates information to the public in several ways.

18. By email dated February 3, 2020, State acknowledged receipt of CREW's request and advised CREW State had granted CREW's fee waiver request. State further advised that it would not be able to respond within 20 days due to unusual circumstances, which it described as including the need to search for and collect requested records from other State Department

offices or Foreign Service posts. State did not provide a date by which it anticipated responding to CREW's request.

19. On March 5, 2020, in a telephone call with State CREW inquired about the status of its request. State indicated the request was being processed. In a follow-up email State provided an estimated completion date of November 18, 2022.

20. To date, plaintiff CREW has received no further response from defendant State Department regarding its December 13, 2019 FOIA request.

21. Under 5 U.S.C. § 552(a)(6)(C)(i), CREW has now effectively exhausted all applicable administrative remedies with respect to its request of the State Department.

## PLAINTIFF'S CLAIM FOR RELIEF

22. Plaintiff repeats and re-alleges paragraphs 1-21.

23. Plaintiff properly asked for records within the custody and control of the State Department.

24. Defendant State Department wrongfully withheld agency records requested by plaintiff by failing to comply with the statutory time limit for making a determination on plaintiff's request, and by withholding from disclosure records responsive to plaintiff's request.

25. Plaintiff CREW is therefore entitled to injunctive and declaratory relief with respect to the immediate processing and disclosure of the records requested in its December 13, 2019 FOIA request.

### Requested Relief

WHEREFORE, plaintiff respectfully requests that this Court:

(1) Order defendant to immediately and fully process plaintiff's December 13, 2019 FOIA request to the State Department and to disclose all non-exempt documents immediately to

plaintiff;

(2) Issue a declaration that plaintiff is entitled to immediate processing and disclosure of the requested records;

(3) Provide for expeditious proceedings in this action;

(4) Retain jurisdiction of this action to ensure no agency records are wrongfully withheld;

(5) Award plaintiff its costs and reasonable attorneys' fees in this action; and

(6) Grant such other relief as the Court may deem just and proper.

Respectfully submitted,

_____
Anne L. Weismann
(D.C. Bar No. 298190)
5335 Wisconsin Avenue, N.W.
Suite 640
Washington, D.C. 20015
(301) 717-6610
weismann.anne@gmail.com

Adam J. Rappaport
(D.C. Bar No. 479866)
Citizens for Responsibility and Ethics
  in Washington
1101 K Street, N.W., Suite 201
Washington, D.C. 20005
Phone: (202) 408-5565
Facsimile: (202) 588-5020

Dated: March 11, 2021            *Attorneys for Plaintiff*